UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
MICHAEL ADAMS,

        Plaintiff,

    -against-

NORTH SLOPE 341 CORP., and
DESTINAZIONE NATURALE CORP.,

        Defendants.
--------------------------------------------------X

REPORT AND
RECOMMENDATION
25 CV 989 (PKC)(RML)

LEVY, United States Magistrate Judge:

        By order dated July 29, 2025, the Honorable Pamela K. Chen, United States District Judge, referred defendant North Slope 341 Corp.'s unopposed motion to vacate the entry of default to me for report and recommendation. For the reasons stated below, I respectfully recommend that the motion be granted.

        Plaintiff Michael Adams ("plaintiff") filed this case on February 21, 2025, asserting a claim for injunctive relief under the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (See Complaint, filed Feb. 21, 2025, Dkt. No. 1.) By order dated April 29, 2025, defendant Destinazione Naturale Corp. was voluntarily dismissed from the case, leaving one defendant, North Slope 341 Corp. ("North Slope" or "defendant"). (See Order Dismissing Party, dated Apr. 29, 2025, Dkt. No. 11.) On May 6, 2025, the Clerk of the Court noted defendant's default. (See Clerk's Certificate of Default, dated May 6, 2025, Dkt. No. 14.) On July 25, 2025, defendant moved to vacate the default. (Motion to Vacate Clerk's Default, dated July 25, 2025, Dkt. No. 17.) The motion was referred to me on July 29, 2025. (Order Referring Motion, dated July 29, 2025.) Plaintiff has filed no opposition.

"The court may set aside an entry of default for good cause[.]" FED. R. CIV. P. 55(c). The Second Circuit has explained that in evaluating whether "good cause" exists, a district court should consider three criteria: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the party for whom default was awarded; and (3) whether the moving party has presented a meritorious defense." Peterson v. Syracuse Police Dep't, 467 F. App'x 31, 33 (2d Cir. 2012) (citing Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993)). The court should construe "good cause" generously and resolve any doubts in favor of the defaulting party. Enron, 10 F.3d at 96.

In support of defendant's motion to vacate, Victor Calderon, an officer of North Slope, submitted an affirmation explaining that North Slope is the owner of a building at 341 Fifth Avenue in Brooklyn, New York, that leased its premises to Destinazione Naturale Corp. to operate a restaurant. (Affirmation of Victor Calderon, dated July 25, 2025, Dkt. No. 17-1, ¶¶ 14, 15, Ex. B.) Calderon states that when he learned this case had been filed, he contacted defendant's insurance broker and carrier, and believed "the matter was being handled" by them. (Id. ¶¶ 4, 8.) When he was informed in June 2025 that North Slope's insurance company would not provide coverage, Calderon retained counsel. (Id. ¶¶ 12-13.) He also maintains that there is a ramp at the premises to allow access by people in wheelchairs and other disabilities, and that North Slope exercises no control over the premises and has no right or obligation to inspect it for ADA compliance. (Id. ¶¶ 19, 21-23.) In addition, defendant's attorney states that as soon as he was retained he contacted plaintiff's counsel, who consented to giving defendant thirty days to answer. (Affirmation of John J. Macron, Esq., dated July 25, 2025, Dkt. No. 17-2, ¶¶ 2, 7, Ex. D.)

I find that defendant has satisfied the criteria for vacating the entry of default. Defendant has demonstrated that the default was not willful, that plaintiff will not be prejudiced, and that it has a meritorious defense to plaintiff's claims. Peterson, 467 F. App'x at 33. I therefore recommend that defendant's motion be granted, and that defendant be directed to file an answer within seven days of any order adopting this report and recommendation.

Any objections to this report and recommendation must be filed electronically within fourteen days. Failure to file objections within the specified time frame waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
October 8, 2025